IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAREK McMAHON     *

      v.     *     Civil No. JFM-13-490

COUNTY COMMISSIONERS     *
OF KENT COUNTY, et al.     *

******

**MEMORANDUM**

Plaintiff was detained at the Kent County Detention Center. While incarcerated, he allegedly was subjected to an attack by four other inmates in the bathroom area of the Detention Center. He has instituted this action against the County Commissioners of Kent County, Ronald Howell, the Warden of the Detention Center, and John Crossley, a correctional officer at the Detention Center. Plaintiff also named as defendants the four inmates who allegedly attacked him but plaintiff has consented to the dismissal of one of those defendants and the other defendants apparently have not been served. Discovery has been completed, and the Kent County defendants have moved for summary judgment.

The motion will be granted. In order to establish defendants' liability, plaintiff must prove that Howell and Crossley actually knew of a substantial risk of serious injury to him by his fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994). Nothing in the record suggests that either Warden Howell or Correctional Officer Crossley possessed any such knowledge. The record does establish that plaintiff had difficulties with his fellow inmates but he was moved to different sections of the Detention Center on many occasions. At the time of the attack the record establishes that plaintiff had communicated to Detention Center personnel that he was only "uncomfortable" with his surroundings and feared that something might happen to him. He presented no specifics that warranted action by Howell or Crossley.

Plaintiff took no depositions during the course of discovery. Rather, he relies upon Detention Center records that he contends demonstrate that there was inadequate surveillance of the area in which he was housed. Plaintiff has not presented any evidence, by expert testimony or otherwise, as to the standard of surveillance that should have been met by officials at the

Detention Center. Moreover, it is undisputed that the area where plaintiff allegedly was attacked is not covered by electronic surveillance because of concern for inmate privacy.

At the most the records relied upon by plaintiff establish that officials at the Detention Center were negligent in not conducting greater surveillance of the inmates at the Detention Center. Mere negligence, of course, is not sufficient to support the claims asserted by plaintiff. *See Grayson v. Peed*, 195 F.3d 692 (4th Cir. 1999).

A separate order granting defendants' motion is being entered herewith. Moreover, the action is dismissed because the inmate defendants apparently have not been served.


Date:   January 29, 2014           /s/_____
                                    J. Frederick Motz
                                    United States District Judge